UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

BENJAMIN R. KITCHENS; KELLY C. KITCHENS, )
)
)
Plaintiffs, )
) CV 06-B-4628-J
vs. )
)
FERRELL W. KITCHENS, )
Defendant. )

## MEMORANDUM OPINION

This case is currently pending before the court on defendant's Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 5.)[1] Upon consideration of the record, the submissions of parties, the argument of counsel, and the relevant law, the court is of the opinion that defendants' Motions to Dismiss, (doc. 5), is due to be granted and plaintiffs' claims are due to be dismissed.

According to plaintiffs' Complaint, defendant Ferrell Kitchens was named as trustee of a trust created by the will of plaintiff's grandfather [hereinafter the "Trust"].[2] (Doc. 1 ¶¶ 5-6.) Plaintiffs contend that they are entitled to proceeds from the Trust, which defendant has not distributed. (*Id*. ¶¶ 10-11.) Also, they claim that defendant has converted assets from

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]In his Reply, defendant argues that plaintiffs' claims should be dismissed because the Trust was never funded and he never became the Trustee. The court has not considered these arguments in deciding defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

the Trust for his own use. (*Id*. ¶ 11.) Plaintiffs contend that defendant's actions constitute a breach of his fiduciary duties as trustee, a breach of his duty of loyalty to plaintiffs, a breach of his duty of care, and fraud. Plaintiffs also seek an accounting of the Trust assets.

Defendant filed a Motion to Dismiss plaintiffs' claims on the ground that this court lacks personal jurisdiction over him. (Doc. 5.) Defendant is a resident of Georgia and the Trust is administered in Georgia. (*Id*., Ex. B ¶ 3; *id*., Ex. D ¶ 7.) Plaintiffs have presented evidence that defendant visited his brother in Alabama, attended dog competitions in Alabama, and maybe sold Georgia property to Alabama residents, although defendant denies any recollection of doing business with an Alabama resident. (*See* doc. 20, Att.) However, they contend that this court has specific personal jurisdiction over defendant because he knew plaintiffs, beneficiaries of the Trust, were Alabama residents and "[i]t was . . . entirely foreseeable that Defendant would be sued in this forum for breaching his duties as trustee." (*Id*. at 2, 5.)

Plaintiffs have the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant. *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002)(citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Id*. at 1269 (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). In this case, defendant has submitted sufficient evidence in support of his motion; therefore, the burden shifts to plaintiffs to produce evidence supporting jurisdiction. *Meier*

*ex rel. Meier*, 288 F.3d at 1269 (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999)).

In diversity cases, "the federal court is bound by state law concerning amenability of a person or a corporation to suit, so long as state law does not exceed the limitations imposed by the Due Process Clause of the Fourteenth Amendment." *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 750 F.2d 1516, 1521 (11th Cir. 1985)(citation omitted). Subject matter jurisdiction of this case is based on diversity of citizenship – plaintiffs are Alabama residents and defendant is a Georgia resident. The Alabama long-arm statute, Ala. R. Civ. P. 4.2(b), authorizes personal jurisdiction to the fullest extent permitted by the United States Constitution; it states:

> An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States . . . .

Ala. R. Civ. P. 4.2(b).

Plaintiffs contend that this court has specific personal jurisdiction over defendant. "Specific jurisdiction" is "jurisdiction arising 'out of a party's activities in the forum state that are related to the cause of action alleged in the complaint.'" *Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007)(quoting *McGow v. McCurry*, 412 F.3d 1207, 1214 n.3 (11th Cir.2005)).

> In a case involving specific jurisdiction, a defendant's contacts with the forum state must satisfy three criteria: they "must be related to the plaintiff's cause

3

of action or have given rise to it;" they must involve "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum;" and they "must be such that the defendant should reasonably anticipate being haled into court there."

*Id*. (quoting *McGow*, 412 F.3d at 1214). As the Supreme Court has held:

> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum State. Thus where the defendant deliberately has engaged in significant activities within a State or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)(internal quotations citations and footnotes omitted). "[F]oreseeability of causing *injury* in another State . . . is not a sufficient benchmark for exercising personal jurisdiction." *Id*. at 474 (emphasis in original; internal quotations and citations omitted).

In this case, defendant's contacts with Alabama arise solely from his alleged appointment as Trustee of a Georgia Trust with Alabama beneficiaries. The Trust was not created by defendant, and he did not select the beneficiaries. Plaintiffs' Complaint does not allege that defendant's actions injured them specifically; rather, their Complaint alleges that defendant's activities related to the Trust injured them as beneficiaries. Based on the evidence, the court finds that plaintiffs have demonstrated neither that defendant

4

"deliberately . . . engaged in significant activities within [Alabama]" nor that he "created continuing obligations between himself and [plaintiffs]." *Burger King*, 471 U.S. at 475-76. Therefore, the court finds that plaintiffs have not established that this court has personal jurisdiction over defendant.

Defendant's Motion to Dismiss for lack of personal jurisdiction is due to be granted.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that it does not have personal jurisdiction over defendant and that plaintiffs' claims against him are due to be dismissed. An Order granting defendant's Motion to Dismiss for Lack of Jurisdiction will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 26th day of July, 2007.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE